FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 16 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

YEHUDA ROSENBERGER on behalf of himself and
all other similarly situated consumers

Plaintiff,

-against-

BUDZIK & DYNIA LLC

Defendant.

------------------------------------------------------------

**CV 12 1332**

**BLOCK. J.**

**AZRACK, M.**

**SUMMONS ISSUED**

## CLASS ACTION COMPLAINT

### *Introduction*

1.  Plaintiff Yehuda Rosenberger seeks redress for the illegal practices of Budzik & Dynia LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.  Plaintiff is citizen of the State of New York who resides within Kings County, New York.

3.  Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff a consumer debt.

4.  Upon information and belief, defendant is a foreign corporation with its principal place of business located in Chicago, Illinois.

5.  Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
    1692(a)(6).

### Jurisdiction and Venue

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
    1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
    transactions that give rise to this action occurred, in substantial part, in this district.
    Venue is also proper in this district since the defendant transacts business in this district
    and the collection letter was sent into this district.

### Allegations Particular to Yehuda Rosenberger

9.  Upon information and belief, on a date better known by defendant, defendant began to
    attempt to collect an alleged consumer debt from the plaintiff.

10. On or about November 22, 2011 and on many other occasions, the defendant called and
    left many messages for the plaintiff which were overheard by plaintiff's parents.

11. The message set forth that the communication was from a debt collector.

12. Plaintiff personally seeks actual damages for emotional distress.

13. Said telephone message is in violation of 15 U.S.C. § 1692c by improperly disclosing to
    an unauthorized third party that the plaintiff was receiving a communication from a debt
    collector.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff Yehuda Rosenberger on behalf of himself and the members of a class, as against the defendant.*

-2-

14.     Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-13 as if set forth fully in this cause of action.

15.     This cause of action is brought on behalf of plaintiff and the members of a class.

16.     The class consists of consumers who received the telephonic message, as did the plaintiff which was overheard by an unauthorized third party.

17.     The class consists of all persons whom Defendant's records reflect resided in the State of New York and who left a message in substantially the same form as was left for the plaintiff on or about November 22, 2011 and that the message contained violations of 15 U.S.C. § 1692c.

18.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

    (C) The only individual issue is the identification of the consumers who received the messages which were overheard by unauthorized third parties, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

    (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

19.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

20.   If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

21.   Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

22.   The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

23.   Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

-4-

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the defendant and award damages as follows:

        (a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

        (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

        (c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
       March 14, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)